UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JUN 3 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-184-GWU

THELMA ORR,                          PLAINTIFF,

VS.                **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Orr

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

Orr

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Orr

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Orr

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

Orr

may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Thelma Orr, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of impingement syndrome of the right shoulder with AC arthritis, possible left-sided weakness and paresthesia, degenerative joint disease, musculoskeletal pain, fibromyalgia, hypertension, a cognitive disorder, a depressive disorder and complaints of migraine headaches. (Tr. 24). Nevertheless, the ALJ determined that the plaintiff retained the residual functional capacity to perform "medium" level exertion that did not involve the performance of complex job instructions and tasks, constant public contact, or highly stressful job settings, and proceeded to apply Rule 203.21 of the Commissioner's Medical-Vocational Guidelines (the "grids"), which directs a conclusion of "not disabled." (Tr. 25-7). The Appeals Council declined to review, and this action followed.

Orr

The plaintiff had filed prior applications for DIB which were denied in ALJ decisions dated May 15, 1998 and December 21, 2001, respectively. (Tr. 55-9, 487-97). Her Date Last Insured (DLI) was December 30, 2001, meaning that she had to establish disability prior to that date in order to be entitled to benefits. The ALJ in the present decision did not reopen any of the prior decisions, making the relevant period for purposes of the present application the extremely narrow time frame from December 22 to December 31, 2001.

Although the ALJ in the present decision indicated that he was largely adopting the findings of the previous ALJ in regard to "severe" impairments, he noted that evidence not before the ALJ in the December 21, 2001 decision clarified that Mrs. Orr's shoulder problems existed prior to her DLI. (Tr. 25). He noted that she required surgery on her shoulder in February, 2002 and had been diagnosed with impingement syndrome (Tr. 670-1), and that this was, therefore, a "severe" impairment (Tr. 24). However, the ALJ found that the plaintiff did not establish any additional functional limitations in the connection with this problem.

The medical evidence shows that, following an all-terrain vehicle accident in May, 2001, which resulted in several different injuries (Tr. 640-5), the plaintiff was eventually referred for an MRI of the shoulder on December 27, 2001, which was squarely within the period after the prior administrative denial decision and before

8

Orr

the DLI. (Tr. 686). The MRI showed impingement syndrome and associated tendinitis. (Id.).[1]

The plaintiff underwent a consultative physical examination by Dr. Stephen Lamb on August 24, 2002, which showed, among other items, tenderness over the right posterior axillary area and a reduced range of motion of the right shoulder. (Tr. 676). Dr. Lamb concluded that the plaintiff had <u>evidence for moderate restrictions in reaching and handling</u>. (Tr. 677). While Dr. Lamb's examination was after the DLI, a state agency reviewing physician, Dr. J.E. Ross, reviewed the evidence on September 17, 2002 and completed a residual functional capacity assessment which indicates that, both currently and as of the plaintiff's date last insured, he would give Dr. Lamb's opinion "considerable weight," and reflect his findings in the RFC. (Tr. 706-7).[2]

Therefore, the evidence shows that the plaintiff had a condition which caused a restriction in reaching and handling prior to the DLI. Social Security Ruling 85-15 states that reaching and handling are activities required in almost all jobs and that

---

[1]While the MRI report indicates that the study was of the left shoulder (Tr. 686), the surgeon who performed the operation described it as being an MRI of the right shoulder (Tr. 670), and the plaintiff's treating family physician, Dr. Martha Combs Woolum, confirmed in a letter dated April 23, 2004 that the MRI was of the right, and not the left, shoulder (Tr. 749).

[2]Presumably due to an oversight, the form attached to Dr. Lamb's opinion does not indicate any restrictions on reaching or handling. (Tr. 700).

Orr

significant limitations of reaching or handling may eliminate a large number of occupations a person could otherwise do. The use of a vocational specialist is suggested. SSR 85-15, p. 7. Accordingly, the use of the "grids" was inappropriate in the present case.

For the reasons stated in the Commissioner's brief at pp. 4-7, the plaintiff's argument regarding the conclusory opinion of "disability" by her treating physician is without merit. Commissioner's Motion for Summary Judgment, Docket Entry No. 31.

The decision will be remanded for further consideration.

This the __30__ day of June, 2006.

_G. WIX UNTHANK_
SENIOR JUDGE